Good morning. May it please the court, my name is Brian Mullins. I represent Becky Holman, the appellant in this case. We are asking the court to remand her case to the district court for resentencing in light of the fact that the district court procedurally erred because it imposed or lengthened Ms. Holman's prison sentence to promote for rehabilitation from heroin addiction. This case, first of all, that's based on 18 U.S.C. 3582a provision of the Sentencing Reform Act, which states that district courts, when sentencing, should recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation. And the Supreme Court has interpreted 3582a in TAPIA to mean that it precludes the sentencing court from imposing or lengthening a prison term to promote. Now, the judge made comments about the rehabilitation after Holman's request that if she were incarcerated, she'd be housed at a grade 5 facility, which is more consistent with her illness. So that's how the whole topic of rehabilitation came up. Well, I don't agree with that interpretation. I think, first of all, the conversation about a grade 5 facility, which I believe occurs on page 12 of the sentencing transcript, I think that was referring to her medical condition rather than her addiction to heroin. I believe that she has rheumatoid arthritis. And defense counsel was pointing out that her medical condition had not been adequately cared for in the Bureau of Prisons, and was asking the court to recommend a facility such as Rochester, which is a federal medical facility. I don't believe, I think most. That's just a recommendation, because the court can't tell the Bureau of Prisons where to put her. We understand. And to preface all of this, the defense counsel was asking for a sentence of probation. This was only if the court found it necessary to impose a prison sentence was the defense asking for placement in a medical facility, which defense counsel referred to as a level 5 facility. But I believe defense counsel was referring to Ms. Holman's medical condition and not her addiction to heroin. But the district court, I think it was more than a stray comment that the district court made about needing to treat Ms. Holman's heroin addiction. It was a theme throughout the sentencing hearing. And I just want to review comments that the district court made throughout the sentencing hearing discussing her heroin addiction. First of all, on page 15 of the sentencing transcript, the district court was referring to the 3553A factors for why it was imposing the sentence that it was, which was a 33-month prison sentence. And it stated, quote, in the case of someone such as Ms. Holman, the court had in the first instance and still feels in this particular instance a need to address the defendant's drug problem. At this stage, there is nothing to suggest. I shouldn't say the court is not satisfied that Ms. Holman has undergone sufficient treatment for her drug problem. And then a little further down, the court states it does seem to me prudent that Ms. Holman received further treatment and or counseling so that she can continue with her life unencumbered by a drug addiction. And certainly, Ms. Holman needs the tools to cope with the potential of relapse after she is finished with her obligations in this case. So I think the most reasonable interpretation of that comment is that the court was considering her drug addiction a 3553A factor in imposing a sentence. And it was a basis for the court to impose a sentence. Now, I think if there's any doubt about what the court was doing there, I think that doubt is eliminated later on in the hearing. We go to page 23 of the sentencing transcript. And this was after defense counsel had objected to the sentence. So this was after the district court imposed this 33-month sentence. The defense counsel objected to the sentences being longer than necessary to achieve the sentencing purposes under 3553A. And the district court responded. And so when I look at the distribution of heroin here and the conspiracy which her client was involved, a sentence of 33 months given Ms. Holman's addiction take into account her acceptance of responsibility, take into account her debriefing, which resulted in her eligibility for the safety valve and looking at her need for rehab and treatment. Immediately after that statement, district court said, I just cannot come to the conclusion that a probationary sentence, such as you have urged, or a lesser sentence would be appropriate given all of the circumstances here. I think a reasonable interpretation of that statement is that the circumstances. But then you stopped a little short because he says, I can't come to the conclusion that a lesser sentence would be appropriate. And then he says, as I pointed out, heroin distribution is a serious offense in view of the consequences. People need to be chilled. And then counsel raises and says she's been drug free. And the court suggested that she not go to a drug facility and that he could take that out. And counsel says, no, no. That's not what I'm suggesting at all. I'm not suggesting she doesn't have drug treatment. Well, I think, well, first of all, the district court, we're not arguing that it was the only reason for the district court to impose the sentence that it did. But if it was a factor, I believe Tapia requires that the case be remanded. Because I think if it was a factor at all, it doesn't have to be the only factor that the district court relied on. But if it was a factor, then it's an improper sentencing factor. But defense counsel then. But see, Tapia, the court was really, really specific. Because in Tapia, the court said the number one thing is the need to provide. The number one thing is the need to provide treatment. In other words, so she is in long enough to get a 500-hour drug program. The sentence has to be sufficient to provide that correctional treatment. And here, I think that correctional treatment is 500 hours. That's a little different than our situation, isn't it? There are some differences. I think the case in Tapia was where the district court specifically imposed a sentence to make sure that the defendant was able to take advantage of the 500-hour program. In this case, it would appear that the district court just imposed a sentence in general, a prison sentence, because Ms. Holman needed the tools to cope and had not received them so far. And I think the interpretation from the court's comments is that the court did not think Ms. Holman could receive those tools outside of the prison setting. And that's what 3582A prohibits. And then, let me just address the court's last comment, which I believe is the most revealing. This was after defense counsel objected to the fact that the district court did not adequately consider Ms. Holman's post-offense rehabilitation and the fact that she had been cleaned from heroin. And then, the court made clear that it was not imposing the sentence, the prison sentence, because it believed Ms. Holman was a danger to the community, which actually would have been a proper reason for the court to impose a prison sentence. But then it clarifies, and this is on page 25, what I was more concerned about and was trying to address is the fact that she does have a potential of relapsing, given her history and the need to make sure that she has the coping skills to handle her personal affairs when she leaves prison and when she goes back into the community where stressors do occur. And I think that it makes clear that the district court was imposing a sentence to make sure that Ms. Holman received treatment, and that's what 3582A prohibits. Let me just ask you this hypothetically. Can a judge discuss rehabilitation at sentencing if the judge thinks it's a mitigating factor that warrants a lower sentence? Yes. Courts have routinely or consistently held that post-offense rehabilitation is a proper factor at sentencing. I'll reserve the rest of the time. Thank you, Mr. Miller. How do you pronounce your name? Tableson. It's a tough one, I know. May it please the court, Rebecca Tableson on behalf of the United States. Counsel essentially focuses on snippets from the sentencing transcript here and argues that they amount to a Tapia violation. But compare this case to Tapia itself. Here, the district court helpfully summarized its core sentencing reasons at page 18 of the transcript. It rejected probation because that would be a disparate sentence, it would undermine respect for law, and it would provide little deterrence. The district court then also summarized right there why it also rejected the government's request. Ms. Holman was eligible for safety valve consideration. She was in criminal history category one. And quote, weight should be given to her level of cooperation and the trigger for her involvement in this case, i.e. her addiction. Consequently, the court said, it imposed a 33-month sentence. Right there on page 18 is the key reasoning in this case. Contrast Tapia, as your honor mentioned. There, the district court sentenced the defendant to the top of the guidelines range, quote, so she is in long enough to get the 500-hour drug program number one. To say there is no analog in this case is an understatement. There is absolutely nothing in this record suggesting that the district court calculated Ms. Holman's sentence to get her treatment in prison. Making this case even easier is the fact that it arises on plain error review. Below, Ms. Holman did repeatedly argue that her addiction and her rehabilitation were mitigating factors. The district court addressed those arguments as it was procedurally required to do. But the district court never said it was increasing or imposing a sentence of imprisonment because of those concerns about rehabilitation. Unsurprisingly then, there was never any discussion of Tapia, 3582, or the principles therein. As a result, even if there is something subtle or debatable, a question like that in this transcript, it is not cognizable on appeal. In fact, I think this case reflects the importance of timely objections. On this record, it is very easy to imagine what would have happened if Ms. Holman had raised a Tapia objection. The district court could have explained, again, the key reasons for its sentence, the reasons that appear on page 18. And it could have been crystal clear that Ms. Holman's addiction and her rehab were not lengthening her sentence. The closest Ms. Holman came to a Tapia objection is in that exchange that Your Honor highlighted, and I believe it's pages 23 to 24 of the transcript. And there she asked for a shorter sentence to reflect that she'd already made progress against her addiction. But as this court has clearly explained, there is a legally significant difference between increasing a sentence to provide more rehabilitation, which is forbidden, and taking rehabilitation into account when declining to further reduce a sentence determined by reference to other considerations, which is allowed. Consider here the impossible situation that the district court would have been in if Ms. Holman's argument is correct. As Your Honor reflected, Ms. Holman's arguments in this case were really all about her addiction and her needs for rehab and her needs should she be incarcerated. You can see that at pages 6, 7, 8, 9, 10, and 12 of the transcript. It's really the bulk of her argument. The district court was obliged to address Ms. Holman's arguments. If it hadn't, we would be here today on a different procedural challenge. And in doing so, the district court quite naturally discussed the benefits of rehabilitation. If that violates TAPIA, then the district court would be between a rock and a very hard place here, and that cannot be right. I think TAPIA and decisions of this court, like Lucas and Gallagher, tried to avoid that untenable situation by carving out a sort of safe harbor in which district courts can discuss the benefits of rehabilitation for defendants like Ms. Holman. And that safe harbor, protecting that safe harbor, is important to avoid chilling district courts that are trying to help defendants like Ms. Holman. One of the arguments that Ms. Holman raised was about her request to be incarcerated in a level five medical facility. Just wanted to address that briefly since it came up before. Counsel has indicated that that really went to her needs for medical treatment for her underlying disease. Two responses. First, if that is true, and the district court was confused about the significance of the medical facility, then Ms. Holman's counsel really should have said so, said as much as sentencing, which he did not. Second, Ms. Holman's medical condition and her addiction here really go hand in hand. As defense counsel himself emphasized at sentencing, her addiction to heroin was the product of her previous addiction to opiates, which was the product of her medical condition. And so treating her medical condition here really means managing her pain prescriptions and getting her onto something that's manageable and not heroin. I think the closest precedent from this court that we should look at today is Gallagher. Page 664, in particular, I would urge the court to focus on, which emphasizes that the district court in that case, although it discussed rehabilitation in response to the defendant's arguments, those comments were not made when the court was announcing or explaining the rationale for its sentence. Rather, those comments were really a response to the defendant. And that is exactly what happened in this case. Finally, close to finally, Your Honors, this is an odd tapia appeal for the additional reason that the district court treated Ms. Holman's addiction as a mitigating factor here. As the reply brief itself points out, Ms. Holman's argument was really about how much her sentence should be mitigated by her addiction and her needs for rehab. And on page 18, where again the district court explained its key rationale, it lists the trigger for her involvement in this case, her addiction, as a mitigating factor. On page 23, the court lists her addiction and her need for rehab and treatment, along with other mitigating factors like her acceptance of responsibility and her eligibility for the safety valve. So far from imposing or lengthening a sentence to reflect her addiction or her need for rehab, if anything, here it looks like the district court further shortened her sentence to reflect those factors. And in fact, this court in its prior slip opinion in this case, when it came up in 2015, made the same observation about the district court treating addiction as mitigating in the slip opinion at page 2. The argument that Ms. Holman makes in her reply brief about exceptions, I just want to address briefly because government has not had a chance to reply, is misplaced. For the rule about exceptions to be triggered, the defense counsel must have raised and argued the issue previously. That's the clear import of Rule 51 and of Bartlett itself, the case cited in the reply brief. And Rule 51 also does not create a sort of exception to the rule that an objection must be specific. So it's not enough to say, oh, we talked about addiction and rehab. Therefore, I did not need to raise a TAPIA exception. If Rule 51 did have the significance that Ms. Holman attributes to it, it would really sort of swallow the rule on contemporaneous objections. So in conclusion, Your Honors, under the plain error standard, this case is even easier. TAPIA established, Lucas Gallagher established, that the district court commits no error by simply discussing rehabilitation at a sentencing hearing. That is what happened here. The government respectfully requests that the court affirm Ms. Holman's sentence. If there are no further questions, I will honor the court's statement that not all time must be used. Thank you, Ms. Stabelson. Mr. Miller. The district court here was presented with an option between probation, no prison, or prison. It chose prison in part because Ms. Holman was addicted to heroin and the court felt the need for Ms. Holman to get treatment. And that's exactly what 3582A prohibits. With respect to the standard of review, we believe that defense counsel did preserve his appellate rights by objecting to the sentence twice. But even if he didn't, we believe this case is similar to Bartlett. I think. But he could have given 33 months without saying anything about addiction, right? He could have. But that's not what he did. No, I know. Yes, he could have imposed 33 months, just gone through the 3553A factors and never have addressed drug addiction. But that's not what the district court did. Regardless of the standard of review, though, we believe that the case should be remanded on plenary review as well. Thank you, Mr. Mullins. Ms. Stabelson. Mr. Mullins, you have the additional thanks to the court for accepting the appointment in this appeal. The case is taken under advisement. The court will stand in recess. Thank you.